**In Re the Petition for DISCIPLINARY ACTION AGAINST Kim Jeffrey OVER-LID, an Attorney at Law of the State of Minnesota.**

No. CX–90–573.

Supreme Court of Minnesota.

June 4, 1990.

### ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent Kim Jeffrey Overlid has committed professional misconduct warranting public discipline. In the petition, the Director alleges four separate counts of misconduct, each of which describes violations of one or more rules of professional conduct.

In count one, the Director alleges that a client retained respondent to represent her in a pending dissolution proceeding; that the district court ordered a settlement conference in the dissolution proceeding; that respondent failed to appear at the settlement conference; that the district court thereafter rescheduled the settlement conference and ordered respondent and opposing counsel to enter into settlement negotiations before the rescheduled conference; that respondent failed to respond to opposing counsel's settlement proposals and again failed to appear at the settlement conference; that the district court ordered respondent to appear before it a third time but respondent again failed to appear; and that the district court assessed costs and attorney fees against respondent but that respondent has not paid any portion of those costs and attorney fees.

In count two, the Director alleges that a client retained respondent to represent her in a dissolution proceeding; that respondent believed that the client's husband was concealing his ownership of the house in which he was residing; that, in an attempt to verify his suspicions, respondent telephoned the record owner of the house and falsely identified himself as an employee of a financial service company in an attempt to .get information about the husband's

ownership of the house; and that respondent later attempted to use the information he had learned for his client's benefit.

In count three, the Director alleges that a client retained respondent to represent her in a dissolution proceeding; that following entry of the judgment and decree, respondent failed to file a withdrawal of counsel or to notify the court that he was no longer representing the client; that because respondent failed to so notify the court, opposing counsel mailed an $18,000 cashier's check to respondent, made payable to respondent and the client, together with a quit claim deed to be signed by the client; that respondent thereafter took no action with regard to the check or deed and failed to respond to opposing counsel's letters and phone calls; that opposing counsel had to issue a second cashier's check and arrange a meeting with the client to get the client's signature on the quit claim deed; and that respondent did not return the original cashier's check to opposing counsel for an additional month after that meeting.

In count four, the Director alleges that a client retained respondent to represent him in a worker's compensation matter; that the employer's attorney served respondent with a demand for discovery and with a subsequent request for response approximately 1 month later; that respondent failed to communicate with the employer's attorney at any time or perform any work on the client's case; that respondent failed to respond to the client's phone calls for a period of 13 months; that, although respondent met with the client on two occasions during this 13–month period, he failed to inform the client of the status of the case; that respondent failed to respond to the employer's motion to dismiss his client's claim and did not inform the client of the motion; and that a worker's compensation judge subsequently dismissed the client's claim with prejudice.

After the petition had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14 of the Rules on Lawyers Professional Respon-

sibility. Respondent also waived his right to interpose an answer and unconditionally admitted all of the allegations of the petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is probation for a period of 2 years. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Kim Jeffrey Overlid, is hereby placed on probation for a period of 2 years commencing the date of this order, pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That the terms of the probation shall be as follows:

a. Based upon respondent's statement that he presently has only six clients, the probation initially shall be unsupervised. Respondent shall report at least quarterly to the Director's Office concerning the status of his practice and the number of his active files. If, during the period of probation, the number of respondent's active files shall exceed 15, or if further complaints of professional misconduct against respondent come to the Director's attention, the Director may appoint an attorney to supervise and monitor respondent's compliance with the terms of respondent's probation.

b. If a supervisor is appointed, respondent shall report at least quarterly to the supervisor concerning the status of all matters respondent is then handling and concerning respondent's compliance with the terms and conditions of the probation. Respondent shall cooperate fully with the Director's Office and his supervisor, if any, in their efforts to monitor his compliance with the terms and conditions of his probation and in any investigations of further professional misconduct which have or may come to the Director's attention.

c. Respondent shall maintain books and records concerning law office income and expenses and funds held on behalf of clients, in compliance with the Minnesota Rules of Professional Conduct and Lawyers Professional Responsibility Board Opinion No. 9. Such books and records shall, upon request, be subject to review by the Director and respondent's supervisor, if any.

d. Respondent shall initiate and maintain office procedures which ensure that he will respond promptly to correspondence, telephone calls and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

3. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.